# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIE ELICE FONTAINE, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 13-cv-1892 (KBJ) |
| JPMORGAN CHASE BANK, N.A., *et al.*, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## **MEMORANDUM OPINION**

Plaintiff Julie Elice Fontaine ("Plaintiff" or "Fontaine"), proceeding pro se, has filed a complaint challenging the potential future foreclosure of property that she owns in Jacksonville, Florida. (*See* Compl., ECF No. 1.) Fontaine seeks an injunction to prevent two institutional defendants—JP Morgan Chase Bank, N.A. ("Chase") and Federal National Mortgage Association ("Fannie Mae")—and ten John Does (collectively, "Defendants") from foreclosing on 4544 Deer Valley Drive ("the Property") at some point in the future, and she also claims that Defendants' past actions with respect to assigning the mortgage and securitizing the mortgage Note have both violated her right to due process and caused her to suffer emotional distress. (*See* Compl. ¶¶ 34-60.) Significantly for present purposes, the instant complaint appears to constitute a preemptive strike against the mere possibility of future default because Fontaine specifically alleges that she is not delinquent in her mortgage payments to date and that the Property is not currently subject to foreclosure. (*See id.* ¶¶ 15, 57.)

As explained further below, this Court concludes that it does not have subject matter jurisdiction to consider Fontaine's challenge to a hypothetical potential future foreclosure proceeding—which is the only foreclosure-related injury that the instant complaint alleges. Moreover, given existing precedent in this jurisdiction and elsewhere, Fontaine's claims and allegations regarding Defendants' wrongful treatment of the mortgage Note plainly fail to state a claim upon which relief can be granted. Consequently, despite the fact that Defendants have elected to file an answer containing myriad affirmative defenses rather than moving to dismiss the complaint (*see* Chase Answer, ECF No. 10, at 8-9; Fannie Mae Answer, ECF No. 11, at 8-9), Fontaine's complaint must be **DISMISSED** in its entirety *sua sponte*. A separate order consistent with this opinion will follow.

I.   BACKGROUND

Fontaine's 44-page complaint, which was filed on November 27, 2013, is exceedingly difficult to decipher. Relevant to the Property at issue here, the complaint alleges that Fontaine initially entered into a mortgage agreement with PHH Mortgage Corporation ("PHH") and that PHH later assigned the mortgage to Chase (*id.* ¶¶ 3, 6; Assignment of Mortg., Ex. 3 to Compl., ECF No. 1-3 at 2), but it purportedly did not pass the physical Note to Chase at that time of the assignment. (*See* Compl. ¶¶ 8, 16.)[1] That assignment was recorded in the Clerk's Office for Duval County, Florida (*see* Ex. 3 to Compl.), and at some point thereafter, one of the defendants securitized the Note and passed ownership of it to a different party. (*See* Compl. ¶¶ 17, 21, 25, 44.)

---

[1] Fontaine initially included PHH, formerly known as Cendant Mortgage Corporation, as a defendant in this action, but this Court granted Fontaine's subsequent motion to dismiss PHH from this case. (*See* Minute Order of Apr. 25, 2014.)

2

These basic allegations of fact are the basis for the complaint's contention that the assignment and securitization of Fontaine's mortgage Note—in particular, the fact that the assignment allegedly was not accompanied by a physical transfer of the Note and securitization further separated the mortgage from the Note—was wrongful. (*See id.* ¶ 48). Fontaine contends that, because the original Note was not physically transferred, the assignment of the Note was invalid and fraudulent such that Defendants would not have standing to foreclose on the Property if they do attempt to do so in the future. (*See, e.g.*, *id.* ¶¶ 45-49.) Fontaine also alleges that Defendants' handling of the Note, and any possible future foreclosure action, violated her due process rights under the Fifth and Fourteenth Amendments of the Constitution (*id.* ¶ 83), as well as the Consent Orders issued in *United States v. Bank of America*, No. 12-361 (D.D.C. Apr. 4, 2012) (Compl. ¶¶ 3, 34, 37), and additionally constituted intentional infliction of emotional distress (*id.* ¶ 51). Based on these claims, Fontaine requests compensatory and punitive damages; a cease and desist order admonishing Defendants not to engage in any future foreclosure proceedings related to the Property; a declaration that Fontaine holds superior title to the property and that Defendants have no lawful claim thereto; and an injunction preventing Defendants from foreclosing on the Property (or any other property owned by any other similarly-situated mortgagor) in the future. (*Id.* ¶¶ 62-71.)

Notably, the complaint does not state that any foreclosure proceedings have been initiated, or even threatened, with respect to the Property. Although the complaint repeatedly alleges that Defendants "claim *authority* to foreclose and hold a foreclosure sale" (Compl. ¶ 53 (emphasis supplied); *see also id.* ¶¶ 14, 43)—a proposition that

3

Fontaine vehemently denies—the complaint also emphatically maintains that Fontaine has not already defaulted on her mortgage obligations. (*See, e.g.*, *id.* ¶ 15 ("Plaintiff is not in foreclosure nor ha[s she] been late with mortgage payments for any significant period or significant number of times.").) Therefore, the gravamen of Fontaine's complaint appears to be that Defendants might at some point in the future decide to foreclose on the Property if Fontaine happens to default on her mortgage obligations, and that the Court should determine now whether Defendants' actions (*i.e.*, assignment of the mortgage without physical possession of the Note and securitization of the Note) destroyed the mortgage interest such that any such future foreclosure would be inappropriate. (*See, e.g.*, Compl. ¶ 52 ("The Defendants have a duty to refrain from proceeding in the future with claims of ownership of the Note or Mortgage when they lack standing and capacity because they do not have the Note in their possession as required [by law]."); *see also id.* ¶ 17 ("Plaintiff may eventually be evicted from [her] home if Plaintiff is not successful in achieving a court order of cease and desist in this case if Defendants, *et al.*, conspire to move forward with a foreclosure, albeit illegally."); *id.* ¶ 9 (asserting that "the securitization process" has caused "confusion and uncertainty about who the Note-holder" is).)

The institutional Defendants answered Fontaine's complaint on February 4, 2014. (*See* Answers, ECF No. 10-11.)[2] They assert seven affirmative defenses, including failure to state a claim upon which relief may be granted, Fontaine's own breach of contract and unclean hands, and lack of standing. (*See id.* at 8-9.) With respect to Plaintiff's request for an injunction specifically, Defendants maintain that

---

[2] Defendants Chase and Fannie Mae appear to have answered the complaint jointly, but have filed substantively identical answer documents separately on the court's docket. (*See* Answers, ECF Nos. 10-11.)

Fontaine lacks irreparable injury and that she has an adequate remedy at law, both of which bar injunctive relief. (*See id.*) Finally, with respect to Fontaine's due process allegations, Defendants' answer asserts that the lack of government action bars the claim. (*See id.*)

The issue for the Court at present is whether there is subject matter jurisdiction in this case, and also whether the complaint so patently fails to state a claim that it may be dismissed *sua sponte* at this point in the litigation, despite the fact that there is no pending motion to dismiss. See *Kidwell v. FBI*, 813 F. Supp. 2d 21, 27-28 (D.D.C. 2011) (citing *Best v. Kelly*, 39 F.3d 328, 331 (D.C. Cir. 1994)); *see, e.g.*, *Strunk v. Obama*, 880 F. Supp. 2d 1, 4-5 (D.D.C. 2011);; *Perry v. Discover Bank*, 514 F. Supp. 2d 94, 95 (D.D.C. 2007). As explained below, the Court concludes that Fontaine's complaint can, and must, be dismissed.

## II. LEGAL STANDARDS

### A. Dismissal For Lack Of Subject Matter Jurisdiction

As courts of limited jurisdiction, federal courts are required to assess their own jurisdiction over any controversy they hear, even when the parties have not asserted any jurisdictional question. *See Noel Canning v. NLRB*, 705 F.3d 490, 496 (D.C. Cir. 2013) (citation omitted). For that reason, doubts about "subject matter jurisdiction may be raised at any time, even by the court *sua sponte*." *Jerez v. Republic of Cuba*, 777 F. Supp. 2d 6, 15 (D.D.C. 2011) (citations omitted); *see also Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010); *G. Keys PC/Logis NP v. Pope*, 630 F. Supp. 2d 13, 15 (D.D.C. 2009) ("When it perceives that subject matter jurisdiction is in question, the Court should address the issue *sua sponte*." (citation omitted)).

Moreover, under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See also Hurt v. U.S. Ct. of Appeals for the D.C. Cir.*, 264 F. App'x 1, 1 (D.C. Cir. 2008) ("It was proper for the district court to analyze its own jurisdiction *sua sponte* and dismiss the case for lack of jurisdiction." (citation omitted)).

In assessing its jurisdiction over the claims presented pursuant to Rule 12(h)(3), the court "must accept as true all of the factual allegations contained in the complaint[,]" *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 182 (D.D.C. 2012) (internal quotation marks omitted) (citing *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), and "the allegations of the complaint should be construed favorably to the pleader." *New York v. Microsoft Corp.*, 209 F. Supp. 2d 132, 138 n.6 (D.D.C. 2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982)); *see also Banner Health*, 905 F. Supp. 2d at 182. In determining whether it has subject matter jurisdiction under Rule 12(h)(3), the court may consider facts beyond the pleadings. *See Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947).

Although pro se complaints must be liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), *United States v. Byfield*, 391 F.3d 277, 281 (D.C. Cir. 2004), this "benefit is not [ ] a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009) (citation omitted). Rather, even a pro se plaintiff must meet his burden of proving that the Court has subject matter jurisdiction over the claims, including when the court raises the issue sua sponte. *See Hurt*, 264 F. App'x at 1 (affirming the district court's *sua sponte*

dismissal of pro se complaint for lack of subject matter jurisdiction); *see also, e.g.*, *Glaviano v. JP Morgan Chase Bank, N.A.*, No. 13-2049, 2013 WL 6823122, at *2 (D.D.C. Dec. 27, 2013) (dismissing pro se complaint for lack of subject matter jurisdiction); *Caldwell v. Kagan*, 777 F. Supp. 2d 177, 178-79 (D.D.C. 2011) (*sua sponte* dismissing pro se complaint for lack of subject matter jurisdiction under Rule 12(h)(3)).

### B. Dismissal For Failure To State A Claim

"Ordinarily, the sufficiency of a complaint is tested by a motion brought under Rule 12(b)(6), which tests whether a plaintiff has properly stated a claim" upon which relief can be granted. *Bauer v. Marmara*, 942 F. Supp. 2d 31, 37 (D.D.C. 2013) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But if the complaint's failure to state a claim for the purpose of Rule 12(b)(6) "is patent, 'it is practical and fully consistent with plaintiffs' rights and the efficient use of judicial resources' for the court to act on its own initiative and dismiss the action." *Bauer*, 942 F. Supp. 2d at 37 (citation omitted); *see also Best*, 39 F.3d at 331; *Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990). Moreover, under Rule 8(a), a court is authorized to dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility "is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). The plausibility standard is satisfied "when the plaintiff pleads

7

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

In deciding whether to dismiss a complaint for failure to state a claim, the court "must treat the complaint's factual allegations—including mixed questions of law and fact—as true and draw all reasonable inferences therefrom in the plaintiff's favor." *Epps v. U.S. Capitol Police Bd.*, 719 F. Supp. 2d 7, 13 (D.D.C. 2010) (citing *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003) and *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002)). However, the court need not accept as true inferences unsupported by the facts set out in the complaint or legal conclusions cast as factual allegations. *Browning*, 292 F.3d at 242.

Notably, a pro se litigant's complaint is generally held to less stringent standards than formal pleadings that lawyers draft. *See Haines*, 404 U.S. at 520. But the procedural rules must be followed nonetheless, and district courts have discretion to dismiss a pro se plaintiff's complaint sua sponte for non-compliance. *See Kidwell*, 813 F. Supp. 2d at 27-28 (citation omitted); *see, e.g.*, *Strunk*, 880 F. Supp. 2d at 3; *Perry*, 514 F. Supp. 2d at 95. Courts may dismiss a complaint *sua sponte* where there is simply "no factual or legal basis for alleged wrongdoing by defendants," *Perry*, 514 F. Supp. 2d at 95, such that it is patently obvious that the plaintiff cannot prevail on her claims. *See Best*, 39 F.3d at 331; *Baker*, 916 F.2d at 726; *see, e.g.*, *Jessup v. Progressive Funding*, No. 13-0248, 2014 WL 1268809, at *7 (D.D.C. Mar. 28, 2014); *cf. Vahidallah v. Chase Bank*, No. 13cv590, 2013 WL 3777181, at *1 (S.D. Cal. July 16, 2013) (*sua sponte* dismissing pro se mortgage and foreclosed-related complaint pursuant to Rules 8 and 12(b)(6)); *Sainte v. Suntrust Mortg., Inc.*, No. 10-cv-1637, 2010

8

WL 4639242, at *1 (N.D. Ga. Sept. 15, 2010) (recommending *sua sponte* dismissal under Rules 8(a) and 12(b)(6)), *adopted by* 2010 WL 4638889.

### III. ANALYSIS

#### A. Fontaine's Challenge To Potential Future Foreclosure

As explained above, Fontaine's complaint asks this Court to block a potential future foreclosure that has not yet happened, and indeed, has not even seriously been contemplated given the circumstances alleged here. But it is clear beyond cavil that federal courts only have subject matter jurisdiction if there is a "Case" or "Controvers[y]" to be decided, U.S. Const. art. III, § 2, and in the absence of any actual or threatened injury, no such case or controversy exists. *See Ravulapalli v. Napolitano*, 840 F. Supp. 2d 200, 204 (D.D.C. 2012) ("The case or controversy requirement 'means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant[.]" (quoting *Spencer v. Kenma*, 523 U.S. 1, 7 (1998))). This injury requirement is ordinarily conceptualized as a matter of "standing" to bring a lawsuit in federal court; that is, in order to be eligible to have one's case heard in federal court, "[a] plaintiff must have suffered an injury in fact[,]" which is defined as a real or threatened "invasion of a legally protected interest[.]" *Silvious v. Coca-Cola Co.*, 893 F. Supp. 2d 233, 236 (D.D.C. 2012) (internal quotation marks and citation omitted); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (noting that, to have Article III standing, a plaintiff must suffer an actual injury). And not any injury will do: the alleged injury must be "(a) concrete and particularized, [and] (b) actual or imminent, not conjectural or hypothetical." *Silvious*, 893 F. Supp. 2d at 236 (alteration in original) (citation omitted); *see also Clapper v. Amnesty Int'l*

9

*USA*, 133 S. Ct. 1138, 1147 (2013) ("To establish Article III standing, an injury must be 'concrete, particularized, and actual or imminent[.]'" (quoting *Monsanto Co. v. Geertson Seed Farms*, 130 S. Ct. 2743, 2752 (2010))). In other words, a challenge to a mere "hypothetical injury[ ] does not state a case or controversy or establish a plaintiff's standing to sue, and hence must be dismissed for lack of subject matter jurisdiction." *Fernebok v. District of Columbia*, 534 F. Supp. 2d 25, 28 (D.D.C. 2008) (citation omitted); *see also Caldwell*, 777 F. Supp. 2d at 179 (explaining that "[a] district court [ ] lacks subject matter jurisdiction" under Rule 12(h)(3) "if [a] plaintiff cannot establish Article III standing" (citation omitted)).

The instant complaint clearly misses the mark as far as injury allegations are concerned. Far from establishing that Fontaine has already lost her house in foreclosure, or even that foreclosure is a realistic possibility, the complaint alleges that Fontaine is not delinquent on her mortgage payments. (Compl. ¶ 15.) Thus, the complaint raises only the specter of potential foreclosure—*i.e.*, that Fontaine could "eventually be evicted from [her] home . . . if Defendants . . . conspire to move forward with a foreclosure" sometime in the future. (*Id.* ¶ 17.) Such an eviction possibility is purely hypothetical, which means that Fontaine has failed to allege the requisite injury in fact for the purpose of establishing constitutional standing. *See, e.g.*, *Molina v. FDIC*, 870 F. Supp. 2d 123, 130-32 (D.D.C. 2012) (holding that plaintiff lacked standing to sue loan servicer on the basis of allegedly discriminatory foreclosure practices when the complaint did not allege that the plaintiff was delinquent on his mortgage payments, or "that plaintiff lost his house in a foreclosure[,] or even that he was funneled toward foreclosure" by the defendant, so there was no injury in fact);

*Dicion v. Mann Mortg., LLC*, No. 13-0533, 2014 WL 1366151, at *1, 4 (D. Haw. Apr. 4, 2014) (holding that plaintiff lacked standing to sue defendant mortgagors and loan servicers to challenge foreclosure and assignment of the mortgage note because plaintiff did not allege that the loan was in default or that any defendant had initiated foreclosure proceedings, so there was no injury in fact). Consequently, this Court lacks subject matter jurisdiction over Fontaine's claim for injunctive relief and that claim must be dismissed. *See* Fed. R. Civ. P. 12(h)(3).

### B. Fontaine's Challenge To Defendants' Securitization Of The Mortgage Note And Alleged Violation Of The Consent Order

The remaining allegations in the complaint are focused on PHH's assignment of the Note to Chase and on a Consent Judgment that was entered in the matter of *United States v. Bank of America Corp.*, No. 12-0361, ECF No. 14 (D.D.C. Apr. 4, 2012). To the extent that Fontaine's claim that she is entitled to an injunction, damages, and declaratory relief rests on these allegations, her complaint must be dismissed for failure to state a plausible claim for relief.[3]

With respect to the Note, Fontaine appears to make two separate assertions: first, that the assignment was invalid because PHH did not transfer physical possession

---

[3] It seems to be the practice in this circuit and elsewhere that a court may *sua sponte* dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) where, as here, it is patently obvious that the complaint fails to state a claim. *See, e.g.*, *Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990); *Jefferies v. District of Columbia*, 916 F. Supp. 2d 42, 46-47 (D.D.C. 2013); *see also Adams v. Eureka Fire Prot. Dist.*, 352 F. App'x 137, 139 (8th Cir. 2009). However, Rule 8(a)(2) appears to be the procedural rule that more readily authorizes *sua sponte* action in this regard, insofar as that rule requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and thereby authorizes a court to evaluate the legal sufficiency of the pleading, with or without a motion to dismiss. *See Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (the district court may *sua sponte* dismiss a complaint under Rule 8(a) (citation omitted)); *Tanner v. Neal*, 232 F. App'x 924, 924-25 (11th Cir. 2007) (same). In this regard, both Rule 12(b)(6) and Rule 8(a)(2) mandate that the complaint state a plausible claim—*i.e.,* one upon which relief can be granted—or be dismissed, and so interpreted, either rule leads to the same result. *See Vahidallah v. Chase Bank*, No. 13cv590, 2013 WL 3777181, at *1 (S.D. Cal. July 16, 2013); *Sainte v. Suntrust Mortg., Inc.*, No. 10-cv-1637, 2010 WL 4639242, at *1 (N.D. Ga. Sept. 15, 2010), *adopted by* 2010 WL 4638889.

11

of the Note; and second, that securitization was legally improper. Fontaine's first argument—that the law requires one who claims to be a mortgage holder to take physical possession of the mortgage note and to produce the Note in order to prove his interest in the property (*see, e.g.*, Compl. ¶ 8 (complaining that there "was no evidence" that Chase "was in possession of the Note or security instrument"))—fails as a matter of law. Notably, in Florida, where Fontaine's property is located, the law does not require the physical possession of the original note in order to proceed to foreclosure. *See* Fla. Stat. §§ 689, 701-702 (2008); *see also Lawyers Title Ins. Co., Inc. v. Novastar Mortg., Inc.*, 862 So.2d 793, 798 (Fla. Dist. Ct. App. 2003). Thus, even without physical possession of the note, "[a]n assignee of a mortgage and note" is "the real party in interest, holds legal title to the mortgage and the note, and is the property party to . . . foreclose[.]" *Lawyers Title Ins. Co.*, 862 So.2d at 798 (citation omitted). Interpreting similar state mortgage and foreclosure statutes, other courts have rejected the principle that physical possession is required to create a right to foreclose. *See, e.g.*, *Busby v. Capital One, N.A.*, 932 F. Supp. 2d 114, 123 (D.D.C. 2013) (dismissing the plaintiff's claim, *inter alia*, that defendant had no right to foreclose on her property because it "d[id] not have physical possession of the note"); *Lackey v. Wells Fargo Bank, N.A.*, No. 13-2217, 2014 WL 1356866, at *3 (8th Cir. Apr. 4, 2014) (noting that the Eighth Circuit and "courts nationally" have "consistently rejected" the theory that an assignee or other successor must have physical possession of the note in order to foreclose (collecting cases)); *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013) (rejecting the "split-the-note theory" and finding that an assignee of a deed of trust has power to foreclose without actual physical possession of the note); *Preston*

12

*v. Seterus, Inc.*, 931 F. Supp. 2d 743, 757 (N.D. Tex. 2013) (rejecting the argument that "an assignee of a deed of trust lacks power to foreclose when the deed of trust is assigned without the note" because under the relevant state law a "mortgage on real estate follows the [ ] note it secures")); *Garcia v. HomeEQ Servicing Corp.*, No. 09-0374, 2009 WL 2579057, at *2-3 (E.D. Cal. Aug. 19, 2009) (noting that "[p]hysical possession and legal status as holder of a note are distinct concepts" and that "[t]here is no requirement in California that the holder of a note be in actual physical possession of it in order to foreclose." (citation omitted)).

Fontaine's related argument—that, when the initial holder of the Note securitized it, that act separated the Note from the Deed of Trust in a manner that somehow altered the property interest (*see* Compl. ¶ 9 (challenging the "confusion and uncertainty about who the Note-holder" is because of "the securitization process"); *id.* ¶ 13 (contending that "the Note and Mortgage cannot be split" and that splitting results in fraudulent assignment); *see also id.* ¶¶ 14, 17, 25, 42, 48, 57)—fares no better. This Court has already joined every other court that has considered this issue in rejecting this specious argument. *See, e.g.*, *Jessup*, 2014 WL 1268809, at *7 (noting that "[c]ourts across the country have already uniformly rejected [the] argument" that securitization destroys the note, stripping the holder of ability to execute an assignment (citations omitted)); *Flores v. GMAC Mortg., LLC*, No. 12cv794, 2013 WL 2049388, at*2 (N.D. Cal. May 14, 2013); *Boyter v. Wells Fargo Bank, N.A.*, No. 11cv03943, 2012 WL 1144281, at *5 (N.D. Cal. Apr. 4, 2012); *Velez v. The Bank of N.Y. Mellon*, No. 10cv468, 2011 WL 572523, at *4 (D. Haw. Feb. 15, 2011); *Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010); *Upperman v. Deutsche Bank Nat'l Trust Co.*,

No. 10cv149, 2010 WL 1610414, at *3 (E.D. Va. Apr. 16, 2010); *Chavez v. Cal. Reconveyance Co.*, No. 10cv325, 2010 WL 2545006, at *2 (D. Nev. June 18, 2010). Thus, to the extent that Fontaine's due process and emotional distress claims rely on the fact that Defendants may not have physical possession of the original Note documents, or the contention that securitization invalidated the Note, these claims must be dismissed because they do not state a plausible basis for relief under existing law. *See Busby*, 932 F. Supp. 2d 114; *Preston*, 931 F. Supp. 2d at 757; *Garcia*, 2009 WL 2579057, at *2-3.

Similarly, there is no legal basis for Fontaine to seek relief in this matter based on a contention that Defendant Chase is in violation of the Consent Judgment entered in the *Bank of America* case. Other courts have held—and this Court agrees—that "by its terms, this Consent Judgment is not enforceable by individual third-party beneficiaries" because it "specifically states that enforcement actions may be brought by a 'Party to this Consent Judgment or the Monitoring Committee.'" *Conant v. Wells Fargo Bank, N.A.*, No. 13-572, 2014 WL 575758, at *9 (D.D.C. Feb. 14, 2014) (citation omitted). (*See also* Consent J., Ex. 2 to Compl., ECF No. 1-2.) In response to similar actions that individual homeowners have filed seeking to enforce the terms of the Consent Judgment, judges in this very district have concluded that individual borrowers, such as Fontaine, are neither parties to the Consent Judgment nor a member of the monitoring committee, and therefore are not in a position to enforce any obligation imposed on the parties to that judgment. *See, e.g.*, *Conant*, 2014 WL 575758, at *9 (citations omitted); *McCain v. Bank of America*, No. 13cv1418, 2014 WL 334196, at *7 (D.D.C. Jan. 30, 2014); *Glaviano*, 2013 WL 6823122, at *1 n.1; *Ghaffari v. Wells Fargo Bank, N.A.*, No.

13-115, 2013 WL 6070364, at *4 (D.D.C. Nov. 19, 2013). Just as with the issue of the effect of securitization, there is a robust body of precedent that resoundingly rejects the contention that the Consent Judgment has application in an individual homeowner lawsuit such as the one Fontaine brings here, and this Court sees no reason to depart from the reasoned judgment and collective wisdom of the many prior judges in this district and elsewhere who have considered whether an individual mortgagor, like Fontaine, has a cause of action to challenge the Note holder's conduct under that Judgment. Therefore, the complaint's allegations related to violation of the Consent Judgment do not give rise to any plausible claim for relief on that basis.

## IV. CONCLUSION

For the foregoing reasons, this Court has no jurisdiction to enjoin Defendants from engaging in a hypothetical future foreclosure; therefore, the complaint's claim for injunctive relief must be dismissed under Rule 12(h)(3). Moreover, it is patently obvious that Fontaine cannot prevail on any claim that is based on an allegation that securitization of the Note invalidated that interest or that Defendants were legally required to have taken physical possession of the Note, nor is Fontaine legally entitled to sue Defendants to enforce the terms of a Consent Judgment that different parties entered into in an unrelated case. Accordingly, pursuant to Rules 8(a) and 12(b)(6), and as stated in the accompanying order, Fontaine's complaint is **DISMISSED** in its entirety. *See Baker*, 916 F.2d at 726-27 (affirming district court's *sua sponte* dismissal

of complaint where "plaintiff has not advanced a shred of a valid claim" and noting that allowing the case to proceed "can only lead to a waste of judicial resources").


DATE:  May 16, 2014         *Ketanji Brown Jackson*
                            KETANJI BROWN JACKSON
                            United States District Judge